Natalie M. Cuadros (CA 326368)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
NCuadros@beneschlaw.com

David M. Krueger (OH 0085072) (Pro Hac Vice)
John N. Dagon (OH 0098128) (Pro Hac Vice Forthcoming)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:   216.363.4500
Facsimile:    216.363.4588
DKrueger@beneschlaw.com
JDagon@beneschlaw.com

Attorneys for Defendant
Bankroll Capital, Inc.

**IN THE UNITED STATE DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SCOFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANKROLL CAPITAL, INC., a California corporation, and AMERICAN BUSINESS SERVICES INC., a Colorado corporation,<br><br>Defendants. | Case No. 8:22-cv-01515-JWH(KESx)<br><br>**DEFENDANT BANKROLL CAPITAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Defendant Bankroll Capital, Inc. ("Bankroll") states as follows for its Answer to Plaintiff's First Amended Complaint (the "Complaint").

## THE PARTIES

1. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2. Bankroll admits that it is a California corporation with a principal place of business in Irvine, California, but denies the remaining allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Bankroll admits that subject matter jurisdiction exists in this case and states that supplemental jurisdiction is no longer necessary, as Plaintiff has voluntarily dismissed the Florida Telephone Solicitation Act claims in Counts II and III (*see* Doc. 29).

4. Upon information and belief, Bankroll admits that venue is proper in this Court relating solely to Plaintiff's individual TCPA claim. Bankroll denies that venue is proper for any out-of-state members of the putative class, should the class be certified. Answering further, Bankroll denies each and every remaining allegation set forth in paragraph 4 of the Complaint.

5. Upon information and belief, Bankroll admits that personal jurisdiction is proper in this District relating solely to Plaintiff's individual TCPA claim. Pursuant to the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), this Court lacks personal jurisdiction over any out-of-state members of the TCPA putative class, should the class be certified. Answering further, Bankroll denies each and every remaining allegation set forth in paragraph 5 of the Complaint.

## INTRODUCTION

6. The allegations set forth in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll states that *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544,

at *5 (U.S. July 6, 2020) speaks for itself, and denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. The allegations set forth in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll states that 47 C.F.R. 64.1200(c)(2) speaks for itself, and denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. The allegations set forth in paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll states that 47 C.F.R. 64.1200(c)(2) speaks for itself, and denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint, and therefore denies the allegations.

10. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint, and therefore denies the allegations.

11. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, and therefore denies the allegations.

12. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint, and therefore denies the allegations.

13. Bankroll states that *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278 (2016) speaks for itself, and denies the remaining allegations set forth in paragraph 13 of the Complaint.

///

///

# COMMON ALLEGATIONS

## Defendant Bankroll Generates Business Through Unsolicited Telemarketing

14. Bankroll admits the allegations set forth in paragraph 14 of the Complaint solely as it relates to business loans and lines of credit, and denies the remaining allegations.

15. The allegations set forth in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll admits that it markets its financing solutions to businesses through, *inter alia*, text messages to prospective customers, but denies the allegations as pled.

16. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint, and therefore denies the allegations.

17. Bankroll admits that, in certain circumstances, it utilizes live agents to place telephone calls to prospective customers. Bankroll denies any remaining allegations set forth in paragraph 17 of the Complaint.

## Defendant Bankroll Operates Using Defendant American Business Services In Order to Avoid Liability For Unsolicited Telemarketing

18. Bankroll denies the allegations set forth in paragraph 18 of the Complaint.

19. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint, and therefore denies the allegations.

20. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint, and therefore denies the allegations.

21. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint, and therefore denies the allegations.

///

22. Bankroll states that the Better Business Bureau page for American Business Services speaks for itself and denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint, and therefore denies the allegations.

24. Bankroll admits the allegations set forth in paragraph 24 of the Complaint.

25. Bankroll admits that telephone number 833-600-0031 is listed as the main phone number on Bankroll.io's website.  Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 25 of the Complaint, and therefore denies the allegations.

26. Bankroll admits that its address is 500 Technology Drive, Irvine, CA 92618, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 26 of the Complaint, and therefore denies the allegations.

27. Bankroll denies the allegations set forth in paragraph 27 of the Complaint to the extent the allegations pertain to Bankroll, Bankroll lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in paragraph 27 of the Complaint, and therefore denies any remaining allegations.

28. Bankroll denies the allegations set forth in paragraph 28 of the Complaint to the extent the allegations pertain to Bankroll, Bankroll lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in paragraph 28 of the Complaint, and therefore denies any remaining allegations.

29. Bankroll denies the allegations set forth in paragraph 29 of the Complaint to the extent the allegations pertain to Bankroll, Bankroll lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in paragraph 29 of the Complaint, and therefore denies any remaining allegations.

///

30. Bankroll admits that, in certain circumstances, it utilizes FastCall softphone to assist with the placement of live telephone calls to businesses. Bankroll denies the remaining allegations set forth in paragraph 30 of the Complaint.

31. Bankroll admits that Plaintiff filed the Complaint originally alleging violations of the Telephone Consumer Protection Act ("TCPA") and the FTSA. Plaintiff voluntarily dismissed the FTSA claims (Counts II and III) (*see* Doc. 29). Bankroll denies that there is any factual or legal basis for the remaining claims alleged, the relief sought, or for classwide treatment. Answering further, Bankroll denies each and every remaining allegation set forth in paragraph 31 of the Complaint.

## PLAINTIFF SCOFIELD'S ALLEGATIONS

32. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the Complaint, and therefore denies the allegations.

33. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint, and therefore denies the allegations.

34. Bankroll denies that it sent the text message that is the subject of paragraph 34 of the Complaint. Answering further, Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 34 of the Complaint, and therefore denies the allegations.

35. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint, and therefore denies the allegations.

36. Bankroll admits that 949 is a California area code phone number, but denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. Bankroll denies that it sent the text message that is the subject of paragraph 37 of the Complaint. Answering further, Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in

paragraph 37 of the Complaint, and therefore denies the allegations.

38. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint, and therefore denies the allegations.

39. Bankroll denies that it sent the text message that is the subject of paragraph 39 of the Complaint. Answering further, Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 39 of the Complaint, and therefore denies the allegations.

40. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint, and therefore denies the allegations.

41. Bankroll lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint, and therefore denies the allegations.

42. Bankroll denies that it sent the text messages referenced in paragraph 42 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 42 of the Complaint, and therefore denies the allegations.

43. The allegations set forth in paragraph 43 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll denies the allegations set forth in paragraph 43 of the Complaint.

44. Bankroll admits that Plaintiff originally brought this case as a putative class action under the TCPA and FTSA. Bankroll states that Plaintiff voluntarily dismissed the FTSA claims (Counts II and III) (*see* Doc. 29). Bankroll denies that there is any factual or legal basis for the remaining claims alleged, the relief sought, or for classwide treatment. Answering further, Bankroll denies each and every remaining allegation set forth in paragraph 44 of the Complaint.

///

7
DEFENDANT BANKROLL CAPITAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 8:22-cv-01515-JWH(KESx)

## CLASS ALLEGATIONS

45. Bankroll admits that Plaintiff originally brought this case as a putative class action on behalf of three classes as defined in paragraph 45 of the Complaint. Bankroll states that Plaintiff voluntarily dismissed its FTSA claims brought on behalf of the Florida Do Not call Registry Class and the Florida Unidentified Telephone Solicitor Class (*see* Doc. 29). Bankroll denies that there is any factual or legal basis for the remaining claims alleged, the relief sought, or for classwide treatment. Answering further, Bankroll denies each and every remaining allegation set forth in paragraph 45 of the Complaint.

46. Bankroll admits that Plaintiff brings this case as a putative class action, excluding the listed persons and claims as defined in paragraph 46 of the Complaint, but denies that there is any factual or legal basis for the claims alleged, the relief sought, or for classwide treatment. Answering further, Bankroll denies each and every remaining allegation set forth in paragraph 46 of the Complaint.

47. The allegations set forth in paragraph 47 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll denies the allegations set forth in paragraph 47 of the Complaint.

48. The allegations set forth in paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll denies the allegations set forth in paragraph 48 of the Complaint and denies the allegations set forth in each and every subparagraph therein.

49. The allegations set forth in paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll denies the allegations set forth in paragraph 49 of the Complaint.

50. The allegations set forth in paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll denies the allegations set forth in paragraph 50 of the Complaint.

///

///

# FIRST CAUSE OF ACTION

## Telephone Consumer Protection Act

## (Violations of 47 U.S.C. § 227)

## (On Behalf of Plaintiff Scofield and the TCPA Do Not Call Registry Class)

51. Bankroll incorporates its answers to all of the above allegations as though fully set forth herein.

52. The allegations set forth in paragraph 52 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll states that 47 C.F.R. § 64.1200 speaks for itself.

53. The allegations set forth in paragraph 53 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll states that 47 U.S.C. § 227 speaks for itself.

54. Bankroll denies the allegations set forth in paragraph 54 of the Complaint.

55. Bankroll denies the allegations set forth in paragraph 55 of the Complaint.

56. The allegations set forth in paragraph 56 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Bankroll states that 47 U.S.C § 227(c)(5) speaks for itself and denies that any knowing or willful violation of the TCPA occurred.

# SECOND CAUSE OF ACTION

## Florida Telephone Solicitation Act

## (Violations of Fla. Stat. § 501.059)

## (On Behalf of Plaintiff Scofield and the Florida Do Not Call Registry Class)

57. Bankroll incorporates its answers to all of the above allegations as though fully set forth herein.

58. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

///

59. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

60. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

61. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

62. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

## THIRD CAUSE OF ACTION

### Florida Telephone Solicitation Act

### (Violations of Fla. Stat. § 501.059)

### (On Behalf of Plaintiff Scofield and the Unidentified Telephone Solicitor Class)

63. Bankroll incorporates its answers to all of the above allegations as though fully set forth herein.

64. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

65. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

66. Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

///

67.     Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

68.     Plaintiff voluntarily dismissed Claims II and III, rendering the corresponding allegations moot. (Doc. 29.) To the extent a response is still required, Bankroll denies the allegations.

## PRAYER FOR RELIEF

Bankroll denies that there is any factual or legal basis for the claims alleged, for the relief sought, for the recovery of fees or costs, or for classwide treatment. Answering further, Bankroll states that judgment should be entered in its favor and against Plaintiff. Bankroll denies each and every allegation contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Prior Express Consent)

Plaintiff and the putative class members' claims are barred because prior express consent, prior express written consent, invitation, and/or permission was given for Bankroll to take any acts alleged in the Complaint.

### SECOND DEFENSE

### (Established Business Relationship)

Plaintiff and the putative class members' claims are barred by an established business relationship formed by a voluntary two-way communication between Bankroll and Plaintiff or putative class members, formed by a purchase or transaction within the 18 months immediately preceding the date of the telephone call and/or on the basis of the person's inquiry or application regarding products or services offered by Bankroll within the three months immediately preceding the date of the call.

///

///

///

### THIRD DEFENSE
### (Lack of Article III Standing)

Plaintiff and the putative class members have not suffered an injury-in-fact sufficient to confer Article III Standing.

### FOURTH DEFENSE
### (Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)

Plaintiff and the putative class members claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, waiver, consent, and other equitable limitations, as Plaintiff intentionally invited the harm for which he now complains.

### FIFTH DEFENSE
### (Residential Numbers)

To the extent Plaintiff's claims are predicated, in whole or in part, on the alleged calling of residential numbers, Plaintiff's claims are barred because the calls at issue are non-actionable informational calls.

### SIXTH DEFENSE
### (Violation of the Fifth and Fourteenth Amendments)

The statutory damages provision of the TCPA violate the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

### SEVENTH DEFENSE
### (Violation of the First Amendment)

The TCPA violate the First Amendment of the United States Constitution because it places unconstitutional restrictions on Bankroll's constitutional rights under the Free Speech Clause. Accordingly, the Court cannot enforce it.

///

///

## EIGHTH DEFENSE

### (No Personal Jurisdiction)

Personal jurisdiction in this cases rests solely on specific jurisdiction. Accordingly, to the extent Plaintiff attempts to certify his TCPA class as presently defined, this Court has no personal jurisdiction over Bankroll relating to out-of-state class members under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

## NINTH DEFENSE

### (Bona Fide Error / Safe Harbor)

Plaintiff's and the putative class members claims under the and TCPA are barred because any violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of reasonable policies to avoid such error and/or barred by the safe harbors provided under 47 C.F.R. § 64.1200(c)(2).

## TENTH DEFENSE

### (Reservation of Rights)

Bankroll specifically reserves the right to add additional affirmative defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Bankroll Capital, Inc. respectfully requests that the Court:

1. Deny that Plaintiff is entitled to any relief whatsoever;
2. Dismiss the Complaint with prejudice and enter judgment in favor of Bankroll Capital, Inc.;
3. Award Bankroll Capital, Inc. its attorneys' fees and costs incurred in defending this action; and
4. Award Bankroll Capital, Inc. such other and further relief as the Court may deem just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

Bankroll Capital, Inc. demands a trial by jury on all claims and issues so triable in Plaintiff's Complaint.

Dated: February 7, 2023

Respectfully submitted,

*s/ Natalie M. Cuadros*
Natalie M. Cuadros (CA 326368)
David M. Krueger (Pro Hac Vice)
John N. Dagon (Pro Hac Vice Forthcoming)
Benesch, Friedlander, Coplan & Aronoff LLP

*Attorneys for Defendant Bankroll Capital, Inc.*