Natalie M. Cuadros (CA 326368)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
NCuadros@beneschlaw.com

David M. Krueger (OH 0085072) (Pro Hac Vice)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:   216.363.4500
Facsimile:   216.363.4588
DKrueger@beneschlaw.com

Kirby Hsu
Willenken LLP
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
213-955-9240
Fax: 213-955-9250
Email: khsu@willenken.com

Attorneys for Defendant
Bankroll Capital, Inc.

## IN THE UNITED STATE DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANKROLL CAPITAL, INC., a California corporation,<br><br>Defendant. | **Case No. 8:22-cv-01515-JWH(KESx)**<br><br>**APPLICATION FOR LEAVE TO SUBMIT DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL AND ITS EXHIBIT THERETO FOR IN CAMERA REVIEW** |

**TO THE PLAINTIFF AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 79-6, Attorneys David M. Krueger and Natalie M. Cuadros of Benesch, Friedlander, Coplan & Aronoff LLP and

Kirby Hsu of Willenken LLP (together, "Counsel") applies to this Court for an order granting Counsel leave to submit unredacted copies of its Motion to Withdraw as Counsel (the "Application") and the corresponding exhibits to the same for *in camera* review. This Application is unopposed.

The Motion to Withdraw as Counsel (the "Motion") and its exhibit are provided to inform the Court of the basis and grounds for Defense Counsel's Motion to Withdraw as Counsel for the Defendant. The Motion and its exhibit include information and communications protected by the attorney-client privilege, attorney work product doctrine, and other sensitive information that is potentially adverse and prejudicial to Defendant. *Strategic Executives Agency, LLC v. Avalere Health*, No. CV1810459ABADSX, 2020 WL 13702805, at *1 (C.D. Cal. May 6, 2020) ("motions to withdraw are almost always filed with an under seal declaration setting forth any privileged matters upon which the motion is based."). The duty of confidentiality extends not only to communications protected directly by the attorney-client privilege, but also to information the client provides in confidence relating to the representation. Cal. Rules of Professional Conduct, rule 1.6. The Motion and its exhibit also include information covered by the duty of confidentiality Counsel owes to the Defendant.  To protect this protected confidential information from public disclosure, and from disclosure to any other party outside of the Court, Counsel brings this Application for leave to submit for *in camera* review and to file redacted copies of the same on the public docket.

Counsel seeks to submit unredacted copies of the following documents for *in camera* review and requests leave to file redacted copies of the following documents on the public docket:

1. Motion to Withdraw As Counsel, wherein Defense Counsel request leave to withdraw as counsel in this matter and describe information protected by the attorney-client privilege, attorney work product doctrine, and duties of confidentiality owed to the Defendant. Proposed redactions would be highlighted on the copies submitted for *in

*camera* review.

2.     Exhibit 1 to Motion to Withdraw As Counsel, the Declaration of David M. Krueger, which sets forth the good cause basis for defense counsel to withdraw in this matter and discloses information protected by the attorney-client privilege, attorney work product doctrine, and duties of confidentiality owed to the Defendant. Proposed redactions would be highlighted on the copies submitted for *in camera* review.

In accordance with L.R. 79-6.2, the following materials are attached to this Application for review:

- Declaration of David M. Krueger in Support of this Application;
- A proposed order granting this Application.

This Court has supervisory powers over its records and files to seal documents under appropriate circumstances. *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit, in discussing the compelling reasons standard, has stated: "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Courts in this jurisdiction routinely find compelling reasons to seal motions to withdraw as counsel and supporting declarations thereto under seal. *See Avalere Health*, 2020 WL 13702805 (C.D. Cal. May 6, 2020) ("motions to withdraw are almost always filed with an under seal declaration setting forth any privileged matters upon which the motion is based."); *Canandaigua Wine Co. v. Edwin Moldauer*, No. 102CV06599 OWWDLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) ("Weisberg filed an accompanying declaration under seal explaining the conflicts between him and his client in detail.").

Courts similarly allow, and often request, that such materials are submitted for *in camera* review, so as to prevent the opposing party from viewing the privileged materials.

*Leiba v. Radnor Specialty Ins. Co.*, No. SACV2102009CJCJDEX, 2022 WL 17222232, at *2 (C.D. Cal. Oct. 24, 2022) ("To the extent that those issues are at play, the Court invites counsel to submit substantiating documentation for in camera review."); Hendricks v. BBC Am., Inc., No. CV 14-2989-RSWL-SSX, 2016 WL 7173810, at *1 (C.D. Cal. Jan. 21, 2016) ("In support of the Motion to Withdraw, Lowe lodged an in camera submission, which the Court has taken into consideration in granting Lowe's Motion.").

  Here, as discussed in the accompanying Declaration of David M. Krueger, the Motion to Withdraw and the Declaration of David M. Krueger in Support of the Motion to Withdraw both contain information that is protected by the attorney-client privilege, attorney work product doctrine, and by the ethical duties owed by Counsel to its client. Counsel has not made previous public disclosures of this information. The public disclosure of this information would provide no additional understanding of the judicial process. Accordingly, compelling reasons exist to allow Counsel to submit unredacted copies of these documents for *in camera* review only and ultimately to overcome the right of public access to these documents and to grant Counsel's request to redact the materials prior to filing on the public docket.

Dated: August 8, 2023

Respectfully submitted,

*s/ David M. Krueger*
*Natalie M. Cuadros (CA 326368)*
*David M. Krueger (Pro Hac Vice)*

Benesch, Friedlander, Coplan & Aronoff LLP

Kirby Hsu

Willenken LLP

*Attorneys for Defendant Bankroll Capital, Inc.*

23069842 v1